## AUTHORITY OF APPELLATE COURT TO MODIFY A JUDGMENT IN THE INTEREST OF JUSTICE.

Court of Appeals for Hamilton County.

SIMON HUBIG v. KIEWITT & FREDERICK.

Decided, March 29, 1915.

*Court of Appeals—May Modify a Judgment in the Interest of Justice—Section 11364.*

Where justice can best be served by modifying or correcting a judgment which has been taken to an appellate court, this will be done and the judgment as so modified will be affirmed.

*W. A. Rinckhoff* and *Philip & S. C. Roettinger,* for plaintiff in error.

*C. B. Matthews, George B. Goodhart* and *Harry T. Klein,* contra.

KINKADE, J.

The defendants in error brought an action in the court of common pleas against the plaintiff in error to recover the contract price for the sale of a one-third interest in a mercantile business; also to recover damages arising, as they claimed, by reason of a loss to them sustained by the operation of the business while awaiting the incorporating of a company to take over the mercantile business with respect to which the contract of sale arose, and also to recover damages by reason of the inability of the defendants in error to secure one-third of the capital stock of the corporation so to be formed, which corporation, it was alleged, had never been formed because of the opposition thereto by the plaintiff in error here.

The plaintiff in error admitted the making of an oral contract between himself and the defendants in error, covering the purchase of a one-third interest in the mercantile business referred to, but averred that the contract was different in terms from that set forth in the petition. He further averred that after the contract had been entered into in the form as he

claimed, that the parties had entered into another agreement, which, in effect, modified the first agreement and which contemplated a transfer of the mercantile business that was the subject-matter of the contract to still another corporation to be formed by the consolidation of certain existing companies; that he had performed all of his obligations under the modified contract, but that the defendants in error had defaulted thereon and, by reason of their default, he had been unable to secure $5,000 of the capital stock of the last named consolidated company which was to come to him under the modified agreement, and on this account he had sustained a loss of $7,500, his claim being that this would have been the market value of the fifty shares of the capital stock of the consolidated company which the parties had contracted he should have.

The answer denied all of the allegations of the petition as made, and presented the claim, as I have stated, in the way of a cross-petition on which the plaintiff in error prayed for judgment for $7,500. By reply the allegations of the answer and the cross-petition were denied.

The case was tried to a jury and resulted in a verdict of one cent in favor of the defendants in error. This verdict was set aside by the trial court and a new trial granted. Upon the second trial the jury returned a verdict in favor of the defendants in error and against the plaintiff in error for $2,375.96, upon which judgment was entered. Thus in a proceeding to reverse the judgment entered upon this last verdict, numerous alleged errors are called to our attention.

An examination of the record discloses more uncertainty and confusion with respect to amounts and the terms of the contracts between the parties than we·have ever seen in any case that has been in this court. It would be impossible to put into any record evidence more contradictory than is in this record, and we think it would be difficult, even if one were to set about it purposely so to do, to state numerous amounts in a more confusing and conflicting form than is manifest in the record in this case. The figures repeatedly given by the various witnesses are representing the items of assets and liabilities are

seldom twice mentioned as the same amounts. Each side undertook to establish the terms of the contract, but we think the evidence on each side left the case in great doubt and uncertainty and in a form most difficult for consideration by any ordinary jury. Every member of this court has served as a common pleas judge and none of us recall ever having any case tried before us that was more difficult to state clearly and sufficiently to a jury than this, taking into account the various negotiations of the parties and their conduct with respect to the subject-matter of the suit before they finally disagreed and found it necessary to go into court to adjust their rights.

It is not difficult to sustain some of the claims of error urged upon our consideration by counsel for the plaintiff, but to do this by no means furnishes a satisfactory basis upon which to decide the case. The action has been twice tried with the results as stated. Several years have elapsed since the transactions took place. It is important to all that the litigation be closed without further delay, if this can be accomplished without doing injustice to any of the parties. The power of this court, and its duty as well, under circumstances such as attend this case, are clearly indicated in Section 11364, General Code. While unnecessary to supplement this direct enactment of the Legislature on the subject, we nevertheless call attention to the following general statement of the law found in 11 Enc. Plead. & Prac., 1068, which reads as follows:

"An appellate court is vested with the amplest power to suit its judgment to the exigencies of each case that comes before it, or to make its judgment effectively yield justice to the parties whose interests are involved. Accordingly, an appellate court may modify or correct a judgment brought before it."

We have read all the evidence with great care, have examined the briefs of counsel on both sides, and have devoted to the case an unusual amount of time in its consideration. It is not practicable, within the reasonable limits of an opinion, to set forth our views in detail with respect to the various features of the case and, therefore, we have determined to state only our conclusion. It is, that, under the evidence manifest in the record,

substantial justice will be accomplished by modifying the judgment of the court of common pleas by reducing the amount thereof to $1,000 as of the date of the judgment there rendered, and the judgment, as thus modified, will be affirmed.

RICHARDS, J., and CHITTENDEN, J., concur.